Curia, per

Earle, J.
We are all of opinion that the instructions given to the jury were very proper, and, at least, that’the defendant has no cause to find fault with them. The condition of the bond is, clearly, a covenant to keep in repair, as well as to indemnify and save harmless. If the commissioners, on the bridge falling out of repair, had, after notice to the defendant, caused it to be thoroughly repaired at their own charge, they could have recovered from the defendant the full amount laid out. I cannot understand how an obligation such as this, can be construed to mean only a covenant that the bridge shall remain standing until the end of the specified term, although it may be impassable, and, if the forbearance of the community saves the commissioners from prosecution, that the covenant goes for nothing. We cannot so construe the condition of the bond, without repealing a ¡material clause of the covenant, and the first that is set down, “that if the aforesaid Campbell will well and truly keep up and in good repair the aforesaid bridge.” On the .construction contended for, we must strike that out, or declare that it has no meaning.
There were no actual losses proved to have been sustained by individuals. Whether such a covenant would render the obligor liable to make good the damages sustained by private persons, in consequence of the bridge being out of repair, *183 Way deserve serious consideration. The question does not arise here, and need not be discussed. As none were proved, and as the commissioners had not been indicted, there seems to have been no other just standard of damages than that which was adopted, unless the penalty were to be regarded as stipulated damages, which could hardly have been intended. If, in consequence of the bridge being permitted to fall into decay, without timely repairs, the Commissioners acting for the public were obliged to cause a new bridge to be built much earlier than would have been necessary if such repairs had been made, it would seem to be a damage naturally resulting from the defendant’s breach of his covenant, and would entitle the plaintiffs to recover the amount which such reasonable repairs would have cost; unless, indeed, it be held that the covenant and obligation were intended solely for the personal security and protection of the Commissioners, as individuals, which does not deserve consideration.
Irby for the motion,
The motion for new trial is refused.
The whole court concurred.